IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JAY LYNDES,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>　　　　　　Defendant. | CV 23-17-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE** |

　　　This action was originally brought by Plaintiff Jay Lyndes, in the Montana Thirteenth Judicial District Court, Yellowstone County (DV 23-149), on February 22, 2023, against FedEx Ground Package System, Inc. ("FedEx"). (Doc. 3.) FedEx timely removed the action to this Court, invoking federal question jurisdiction under 28 U.S.C. § 1331. (Doc. 1.)

　　　Presently before the Court is FedEx's Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 8.) The motion is fully briefed and ripe for the Court's review. (*See* Docs. 9, 13, 14.) For the following reasons, the Court recommends that FedEx's motion be **DENIED**.

**I.　BACKGROUND**

　　　When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all material allegations in the

1

complaint as true.  *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987).  The following facts are taken from Lyndes's Complaint.

On September 19, 2022, Lyndes arranged for the shipment of an item—"an antique"—from Texas to Billings, Montana.  (Doc. 3 at 1.)  FedEx received the item for shipment, and it was in good condition at that time.  (*Id.* at 2.)  When the item arrived in Billings, however, it was in a "damaged condition."  (*Id.*)  Finally, Lyndes alleges that FedEx's "acts or omissions resulted in damages in the amount of $23,785.65."  (*Id.*)

Based on the foregoing, Lyndes pleads one cause of action under 49 U.S.C. § 14706, also known as the Carmack Amendment to the Interstate Commerce Act of 1877.  (Doc. 3 at 2.)  The Carmack Amendment establishes a cause of action against a transportation carrier alleged to have caused loss or damage to property.  49 U.S.C. §14706(d).

FedEx argues that, under the Carmack Amendment, 49 U.S.C. § 14706(c)(1) permits it to limit its liability by written agreement with the shipper.  It maintains that it did so here with Freedom Mail Center, the Texas package consolidator through which Lyndes arranged to ship the item to Billings.  (Docs. 8 at 1; 9 at 2.)  FedEx further argues its applicable Tariff[1] "makes clear that FedEx Ground's only

---

[1]  A tariff is a "schedule listing the rates charged for services provided by a public utility, the U.S. Postal Service, or a business."  *Tariff*, *Black's Law Dictionary* (9th ed. 2009).

2

duty in this case is to Freedom Mail Center," not to Lyndes. (Doc. 9 at 3; *see generally* Doc. 9-1.) FedEx asserts, therefore, that it is not liable to Lyndes, and Lyndes has failed to state a claim upon which relief can be granted. (*See* Doc. 8.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs a motion to dismiss for failure to state a claim upon which relief can be granted. "Dismissal under Rule 12(b)(6) is proper only when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (citing *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). The Court's standard of review under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A plausibility determination is context specific, and

courts must draw on judicial experience and common sense in evaluating a complaint. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). "[I]n practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

A court considering a Rule 12(b)(6) motion must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See, e.g.*, *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . for the purposes of ruling on a motion to dismiss, are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). Such assertions do nothing more than state a legal conclusion, even if the conclusion is cast in the form of a factual allegation. *Id.*

### III. DISCUSSION

The Carmack Amendment establishes "a uniform system of liability for carriers of goods in interstate commerce." *OneBeacon Ins. Co. v. Haas Industries, Inc.*, 634 F.3d 1092, 1096 (9th Cir. 2011). It mandates that a motor carrier subject

to the statute's jurisdiction "issue a receipt or bill of lading for property it receives for transportation," and provides for liability to the person entitled to recover under the receipt or bill of lading. 49 U.S.C. § 14706(a)(1). Unless otherwise limited under the statute, a carrier's liability under the Carmack Amendment "is for the actual loss or injury to the property." *Id.*

FedEx acknowledges the applicability of the Carmack Amendment, as well as its status as a motor carrier under the Amendment. (Doc. 9 at 1.) FedEx points out, however, that the statute provides a mechanism whereby a carrier may reasonably limit its own liability, either "by written or electronic declaration of the shipper or by written agreement between the carrier and shipper," when it establishes its rates of service. 49 U.S.C. § 14706(c)(1)(A). FedEx contends that it has satisfied the requirements of the statute to limit its own liability through publication of its Tariff, which is publicly available online. (Doc. 9 at 9–10.) Specifically, FedEx argues its liability is limited in this case on two independent grounds. First, the Tariff limits shipments of "antiques" to a maximum declared value of $1,000. (*Id.* at 3; *see also* Doc. 9-1 at 162.) Second, when shipments are made through a package consolidator—such as Freedom Mail Center—the Tariff limits FedEx's liability to the package consolidator alone. (Doc. 9 at 3–4; *see also* Doc. 9-1 at 166.)

/ / /

### A.    Whether the Court Will Consider Materials Outside the Pleadings

Both parties have filed exhibits with their briefing to support their respective arguments regarding this Motion to Dismiss.  Consequentially, before the Court can reach a conclusion on FedEx's motion, it must first be determined whether materials presented outside the pleadings may be considered.

In support of its Motion to Dismiss, FedEx has filed a copy of its Tariff. (Doc. 9-1.)  FedEx contends that the Tariff shows (1) that FedEx had limited its liability in shipments of antiques to a maximum declared value of $1,000; (2) that Lyndes's declared value in excess of that amount was "null and void"; and (3) that FedEx's acceptance of Lyndes's item, despite its declared value in excess of $1,000, did not constitute a waiver of the Tariff's maximum liability provision. (Doc. 9 at 2–3 (quoting Doc. 9-1 at 162).)  Further, as stated above, FedEx argues that the Tariff shows that any liability owed by FedEx would be to the shipper, Freedom Mail Center—not to Lyndes.  (*Id.* at 3–4.)  FedEx has also attached a document it refers to as the bill of lading, which sets forth shipping information for the Lyndes parcel.  (Doc. 9-2.)

In opposition to FedEx's motion, Lyndes has filed an affidavit of his agent, Bob Reynolds.  (Doc. 13-1.)  Lyndes presents this affidavit to support his assertion that he paid more for the shipment in consideration of the item having a declared value of $20,000.  (Doc. 13 at 5–8.)  Lyndes's agent attached to his affidavit a

6

copy of what he also refers to as the bill of lading, which contains similar shipment details for the parcel. (*See* Doc. 13-1 at 2–3.) Lyndes points out that neither this document nor the bill of lading document submitted by FedEx reference the Tariff or any other terms or conditions, while both reference the declared value of the parcel to be $20,000. (*See* Docs. 9-2 at 2; 13-1 at 3.)

In reply, FedEx has submitted a copy of the FedEx Authorized ShipCenter Agreement ("FASC Agreement") executed between FedEx and Freedom Mail Center. (Doc. 15.) FedEx points out that by the terms of the FASC Agreement, any shipment made by Freedom Mail Center in accordance with the Agreement is subject to the Tariff. (Doc. 14 at 1.)

In general, a court may not consider materials outside the complaint in considering a motion to dismiss under Rule 12(b)(6). *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *see also Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) ("Review is limited to the complaint; evidence outside the pleadings . . . cannot normally be considered in deciding a 12(b)(6) motion.") (internal quotations and citation omitted). The Federal Rules make clear if a court does consider documents outside the pleadings, a Rule 12(b)(6) motion must be converted to a motion for summary judgment. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters outside the

pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

In certain circumstances, however, extrinsic evidence may be considered by the court without converting a Rule 12(b)(6) motion to a motion for summary judgment. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Specifically, a court may consider evidence outside the pleadings if the complaint "necessarily relies" on that evidence—in other words, (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the document's authenticity. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").

Here, the Court finds that Lyndes's Complaint necessarily relies on the two documents described by the respective parties as the bill of lading. First, Lyndes states in the Complaint that he utilized tracking number 77797305460, which is the number referenced in both documents for this shipment. (*See* Docs. 9-1 at 2; 13-1 at 3.) Second, a "bill of lading is a contract between the carrier and the shipper." *OneBeacon Ins. Co.* 634 F.3d at 1098. *See also Bill of Lading*, *Black's Law Dictionary* ("A document acknowledging the receipt of goods by a carrier or by the

shipper's agent and the contract for the transportation of those goods[.]").  Thus, the bill of lading for the Lyndes's shipment is central to his claim.  As noted above, the issuance of a bill of lading is also central to the relevant provisions of the Carmack Amendment.  *See* 49 U.S.C. § 14706(a)(1).  Third, neither party has questioned the authenticity of either document in connection with this motion.  Therefore, the Court may consider these documents without converting the Rule 12(b)(6) motion to a motion for summary judgment.

But the Court does not find that the Complaint necessarily relies on the other documents submitted by the parties.  The first of these is the affidavit of Lyndes's agent, Bob Reynolds.  The affidavit is not referenced in the Complaint and is obviously not central to Lyndes's claim.  Accordingly, the Court may not consider this affidavit in deciding this motion under Rule 12(b)(6).

The Court also does not find that Lyndes's Complaint necessarily relies on FedEx's Tariff or the FASC Agreement.  Lyndes does not allude to the existence of these documents in his Complaint, and he further contests the materiality of the Tariff to his claim. (Doc. 13 at 5.)  FedEx, nevertheless, contends that the Tariff is the "controlling and dispositive document" in this action.  (Doc. 9 at 5.)  But while the Tariff may be essential to FedEx's defenses, they are not central to Lyndes's claim.  Lyndes is not required to negate an affirmative defense in his Complaint. *Flying Food Group, Inc. v. N.L.R.B.*, 471 F.3d 178, 183 (D.C. Cir. 2006).  For a

carrier like FedEx to limit its liability under the Carmack Amendment, the carrier bears the burden of establishing that it has properly limited its liability in this action. *OneBeacon Ins. Co.*, 634 F.3d at 1099–1100; *see also Hughes Aircraft Co. v. N. Am. Van Lines, Inc.*, 970 F.2d 609, 612 (9th Cir. 1992). In addition, based on the exhibits provided by the parties—and unlike the facts cited by FedEx in *OneBeacon Insurance Company*—the terms and conditions in the Tariff are not "expressly incorporated into the bill[s] of lading." 634 F.3d at 1095. (*See* Docs. 9-2 at 2–3; 13-1 at 3.)

As for the FASC Agreement, this document also cannot be said to form the basis of Lyndes's Complaint, nor is it incorporated by reference into any documents that do—i.e., the bills of lading. Therefore, at best, the application of the Tariff and the FASC Agreement to Lyndes's claims remains to be determined. Accordingly, in deciding this Motion to Dismiss under Rule 12(b)(6), the Court may not consider the Tariff or FASC Agreement.

Having reached this conclusion, the Court nevertheless has discretion to consider these materials by converting this motion to a motion for summary judgment. Whether to convert a motion to dismiss to a motion for summary judgment and consider extrinsic materials offered in connection with the motion is within the court's discretion. *See Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1117 (9th Cir. 2018); *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203,

1207 (9th Cir. 2007). The Court declines to do so here. The Federal Rules of Civil Procedure and the Local Rules provide a procedure for properly submitting motions for summary judgment, identifying which facts are undisputed and which facts are disputed, and determining whether summary judgment is appropriate. FedEx is free to file a motion for summary judgment in accordance with Fed. R. Civ. P. 56 and L.R. 56.

In summary, the Court will not consider the Tariff, the FASC Agreement, or the affidavit of Lyndes's agent in considering FedEx's Motion to Dismiss, and will look only to the face of Lyndes's Complaint, supplemented by the documents described as bills of lading. The Court now moves on to the question presented by FedEx's motion.

### B.     Whether Lyndes's Complaint Fails to State a Claim

FedEx's central arguments in support of its Motion to Dismiss—that it limited any shipments of antiques to a maximum declared value of $1,000, and that its liability is to Freedom Mail Center alone—focus on specific terms within the Tariff and its applicability to this dispute by way of the FASC Agreement, neither of which the Court can consider, as discussed above.

Otherwise, FedEx does not argue that Lyndes's Complaint fails the plausibility standard laid out in *Twombly* and *Iqbal*, other than in implying that Lyndes's claim is not plausible because "[h]e failed to attach to the Complaint

11

documents upon which his claim relies." (Doc. 9 at 2.) To the extent FedEx argues the Complaint is deficient on this basis, the point is unpersuasive; a plaintiff is not required to attach to a complaint the documents on which it is based. *See, e.g.*, *Manjares v. Taser Int'l, Inc.*, 2012 WL 5389688, at *4 (E.D. Wash Nov. 2, 2012); *Muoi Ho v. Fannie Mae*, 2011 WL 7629571, at *2 (D. Ariz. Nov. 8, 2011), *report and recommendation adopted*, 2012 WL 1038833 (D. Ariz. Mar. 28, 2012).

Those issues aside, the Court finds Lyndes's Complaint is sufficient to state a claim. Courts in the Ninth Circuit recognize three elements that a plaintiff must establish for a claim under 49 U.S.C. § 14706 of the Carmack Amendment: "(1) delivery of the goods to the initial carrier in good condition, (2) damage of the goods before delivery to their final destination, and (3) the amount of damages." *Waller v. Gary & Koby Transp., Inc.*, 2008 WL 4224722, at *4 (E.D. Cal. Sept. 15, 2008) (quoting *Beta Spawn, Inc. v. FFE Transp. Services, Inc.*, 250 F.3d 218, 223 (3rd Cir. 2001)), *findings and recommendations adopted*, 2008 WL 4659803 (E.D. Cal. Oct. 21, 2008); *Sorrento Assocs. v. Moving Co.*, 2007 WL 9776740, at *3 (S.D. Cal. Dec. 6, 2007) (citing *Beta Spawn, Inc.*, 250 F.3d at 233); *Dimerco Express (U.S.A.) Corp. v. Max Oshima, Inc.*, 2007 WL 9706128, at *2 (C.D. Cal. July 18, 2007) (citing *Nippon Yusen Kaisha v. Burlington & N. Santa Fe Ry. Co.*, 367 F. Supp. 2d 1292, 1298 (C.D. Cal. 2005)).

/ / /

The Court finds that Lyndes's Complaint, while terse, contains sufficient allegations of fact respecting all the material elements of his claim. He has pled facts supporting the first element in alleging that "[o]n September 19, 2022, Plaintiff arranged for the shipment of an antique from Texas to Billings, Montana," and "[t]he antique was received by the Defendant in good condition for shipment." (Doc. 3 at 2.) He has pled the second element in alleging that "[w]hen the antique arrived at its destination, it was in a damaged condition." (*Id.*) Finally, he has pled the third element in alleging that the "Defendant's acts or omissions resulted in damages in the amount of $23,785.65." (*Id.*)

Thus, Lyndes's Complaint states a plausible claim upon which relief may be granted. FedEx's Motion to Dismiss should be denied.

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** FedEx's Motion to Dismiss (Doc. 8) be **DENIED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies

/ / /

/ / /

served on opposing counsel within fourteen (14) days after service hereof, or objection is waived. D. Mont. L.R. 72.3.

DATED this 28th of December, 2023.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge